IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kelly E. Gindi, | ) | C/A No.: 0:12-1215-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Strategic Outsourcing, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case, plaintiff Kelly E. Gindi ("Plaintiff") is suing her former employer Strategic Outsourcing, Inc. ("Defendant"). Plaintiff alleges a pregnancy discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

This matter comes before the court on the motion to dismiss filed by Defendant pursuant to Fed. R. Civ. P. 12(b)(1). [Entry #7]. Plaintiff filed a response to the motion [Entry #10] and Defendant filed a reply. [Entry #11]. Also pending before the court is Plaintiff's motion to amend the complaint. [Entry #12]. Defendant filed a response to the motion [Entry #13] and Plaintiff's reply deadline has passed. These motions having been fully briefed, they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motions to dismiss is dispositive and the motion to amend is arguably dispositive, this report and recommendation is entered for the district judge's

consideration. For the reasons that follow, the undersigned recommends the district court grant in part and deny in part Plaintiff's motion to amend the complaint and deny Defendant's motion to dismiss as moot.

I.      Procedural and Factual Background

Plaintiff originally filed her complaint in the Court of Common Pleas for York County, South Carolina on April 2, 2012. [Entry #1-3 at 5]. She alleged that Defendant hired her as a payroll specialist around June 27, 2011. *Id.* at ¶ 3. She contends she soon learned she was pregnant and notified Defendant. *Id.* She alleges that around July 28, 2011, she learned she had an ectopic pregnancy and underwent an emergency procedure called salphigectomy, which resulted in serious complications. *Id.* Plaintiff claims that when Defendant first became aware of Plaintiff's health problems, she was told "don't worry, just get better." *Id.* at ¶ 4. She contends that after being released from the hospital, she requested an additional week of medical leave pursuant to her doctor's orders. *Id.* at ¶ 5. She alleges that Defendant denied her request for an additional week of medical leave and subsequently terminated her. *Id.* at ¶ 6. Plaintiff asserts that Defendant's actions violated Title VII and the Pregnancy Act and that she is entitled to compensatory and punitive damages. *Id.* at ¶¶ 7–8.

Defendant removed the case to federal court on May 8, 2012 and filed the pending motion to dismiss on May 29, 2012. [Entry #1; Entry #7]. Plaintiff admitted she failed to state a prima facie case under Title VII in her original complaint and filed the pending motion to amend the complaint on July 10, 2012. [Entry #10; Entry #12].

II.     Discussion

A.     Motion to Amend

1.     Standard

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The courts have interpreted Rule 15(a) in accord with that spirit. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1354 (4th Cir. 1979); *Frankel v. Kurtz*, 239 F. Supp. 713, 716 (D.S.C. 1965). A motion to amend should be denied only when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).

An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See e.g., United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). A plaintiff fails to state a viable claim pursuant to Fed. R. Civ. P. 12(b)(6) when the complaint does not contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2.     Analysis

Plaintiff seeks to amend her complaint to include certain elements of the prima facie case for pregnancy discrimination that she inadvertently left out of her original complaint. [Entry #12 at 1]. Defendant argues that Plaintiff's proposed amended

complaint would be futile because the amended allegations fail to state a claim for pregnancy discrimination or retaliation pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #13 at 2; 6–10].

The pertinent factual allegations in Plaintiff's proposed amended complaint are as follows:

3. The Plaintiff was hired by the Defendant around June 27, 2011, as a payroll specialist. At the time of her termination the Plaintiff was qualified to perform her position and was successfully performing the duties of her position. Soon she learned she was pregnant and so notified her employer. Around July 28, 2011, Plaintiff learned that she had an ectopic pregnancy. This resulted in emergency procedure called salphingectomy surgery. Serious complications arose from this procedure which led to diagnoses of ventilated assisted pneumonia and clostridium difficle.

4. The Defendant was timely made aware of Plaintiff's serious health conditions. At first Defendant said "don't worry, just get better" or words to that effect.

5. Soon however things changed. After Plaintiff was discharged from the hospital she notified in writing her employer and provided a doctor's order requiring the Plaintiff remain on medical leave for one additional week in or around August 7, 2011.

6. In response, the Defendant notified Plaintiff that it rejected her doctor's orders for the additional week of medical leave, and then she was terminated August 8, 2011.

7. Upon information and belief, the Plaintiff was replaced by a person who was not pregnant.

8. Plaintiff was terminated a day after she requested additional medical leave related to her pregnancy, a protected activity under Title VII and the Pregnancy Act. This established a close temporal proximity between the protected activity and the adverse employment action, her termination, and as such establishes a causal connection between the protected activity and the adverse employment action.

[Entry #12-1 at 1–2].

a.         Pregnancy Discrimination Claim

Plaintiff alleges that she was wrongfully terminated because of her pregnancy in violation of Title VII. Title VII makes it "an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).

In 1978, Congress passed the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"). The PDA made clear that Title VII encompassed pregnancy-based discrimination. A pregnancy discrimination claim is analyzed in the same fashion as any other sex discrimination claim brought pursuant to Title VII. *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 297 (4th Cir. 1998). Thus, Plaintiff has the initial burden to establish a prima facie case by the preponderance of the evidence by showing that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) her position remained open or was filled by a similarly-qualified person outside the protected class. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc). Defendant contends Plaintiff has not adequately pled the third and fourth elements of a pregnancy discrimination case and relies instead on bald allegations to satisfy these elements.

[Entry #13 at 6–8]. Defendant does not challenge the sufficiency of Plaintiff's pleading of the first two elements.

With regard to the third element, Plaintiff's proposed amended complaint alleges that "[a]t the time of her termination the Plaintiff was qualified to perform her position and was successfully performing the duties of her position." [Entry #12-1 at ¶ 3]. Defendant argues that Plaintiff has failed to state the qualifications of the position and in what manner she met them and has provided no facts to demonstrate that she was successfully performing the duties of her position. [Entry #13 at 7]. Plaintiff was only employed by Defendant for one month prior to her termination. Implicit in the Defendant's hiring of Plaintiff for the position of payroll specialist on June 27, 2011 is Plaintiff's qualification for the position. Given Plaintiff's short period of employment, it is unlikely that she received any performance evaluations, awards, promotions, or other indicators that she was meeting her employer's legitimate expectations at the time of her termination. For these reasons, the undersigned recommends a finding that Plaintiff's allegations are sufficient to satisfy the third element of a pregnancy discrimination case at this stage in the litigation.

With regard to the fourth element, Plaintiff's proposed amended complaint alleges the following: "Upon information and belief, the Plaintiff was replaced by a person who was not pregnant." [Entry #12-1 at ¶ 7]. Defendant argues that Plaintiff's use of the phrase "upon information and belief" is a tacit admission that she does not know whether her replacement was pregnant and is a request by Plaintiff to go on a "fishing expedition

which she hopes will corroborate the allegation later." [Entry #13 at 7]. The undersigned does not agree with Defendant's analysis. Plaintiff is no longer employed by Defendant. Thus, she likely does not have firsthand knowledge of whether her position was filled by a similarly-qualified applicant outside the protected class. Furthermore, the issue is a simple one and discovery on it would be far from the fishing expedition described by Defendant. Consequently, the undersigned recommends a finding that Plaintiff's allegations satisfy the fourth element of a prima facie case of pregnancy discrimination.

As a corollary to its argument regarding the fourth element of the prima facie case, Defendant argues that Plaintiff has failed to allege "any other 'circumstances giving rise to an inference of unlawful discrimination.'" [Entry #13 at 8]. Defendant's argument is based on a footnote in a Fourth Circuit opinion indicating that the prima facie elements in a Title VII discrimination case may vary depending on the factual situation, but the critical issue with respect to the fourth element is whether Plaintiff demonstrated the adverse employment action occurred "under circumstances which give rise to an inference of unlawful discrimination." *E.E.O.C. v. Sears Roebuck and Co.*, 243 F.3d 846, 851 (4th Cir. 2001). Defendant argues that the temporal proximity of Plaintiff's termination with her request for an extension of her leave does not raise her claim above the speculative level. [Entry #13 at 8]. Temporal proximity may give rise to an inference of causation where the temporal proximity is "very close." *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001). Here, Plaintiff alleges she was terminated one day after Defendant denied her request for additional leave related to her pregnancy.

[Entry #12-1 at ¶ 8].  The undersigned, therefore, concludes the temporal proximity of these two events gives rise to an inference of unlawful discrimination.

For the foregoing reasons, the undersigned recommends granting Plaintiff's motion to amend her complaint as to her pregnancy discrimination claim.

b. Retaliation Claim

Defendant also argues that if Plaintiff is attempting to add a retaliation claim in her amended complaint, permitting her amendments would be futile because she cannot demonstrate she was engaged in protected activity at the time of her termination.  [Entry #12 at 9–10].  To state a prima facie case of Title VII retaliation, Plaintiff must show: (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action at the hands of her employer; and (3) that there existed a causal connection between the protected activity and the adverse action.  *Rhoads v. FDIC*, 257 F.3d 373 (4th Cir. 2001); *see also Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536 (4th Cir. 2003).  "Protected activities fall into two distinct categories: participation or opposition. . . . An employer may not retaliate against an employee [for] participating in an ongoing investigation or proceeding . . . nor may the employer take adverse employment action against an employee for opposing discriminatory practices in the workplace."  *Laughlin v. Metropolitan Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998).  Activities that constitute participation include: "(1) making a charge; (2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding, or hearing under Title VII."  *Id.* (citing 42 U.S.C. § 2000e-3(a)).

Plaintiff describes her request for additional medical leave related to her pregnancy as "protected activity" [Entry #12-1 at ¶ 8]; however, her request is not protected activity for purposes of a retaliation claim because Plaintiff was neither participating in an ongoing investigation or proceeding nor opposing discriminatory practices in the workplace. *See Laughlin*, 149 F.3d at 259. Consequently, to the extent Plaintiff seeks to amend her complaint to add a retaliation claim, the undersigned recommends her motion be denied in part.

B.      Motion to Dismiss

In its motion to dismiss, Defendant argues Plaintiff failed to state a claim for relief under Title VII because she did not satisfy all elements of a sex or pregnancy discrimination claim. [Entry #7-2 at 3–5]. In her response, Plaintiff admitted she did not properly plead a prima facie case for pregnancy discrimination and subsequently filed the pending motion to amend the complaint. [Entry #10 at 1; Entry #12]. In light of the foregoing recommendation that Plaintiff's motion to amend be granted in part and denied in part, the undersigned recommends denying Defendant's motion to dismiss as moot.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that Plaintiff's motion to amend her complaint be granted with regard to her pregnancy discrimination claim and denied as futile with regard to any retaliation claim. The undersigned further recommends that Defendant's motion to dismiss be denied as moot.

IT IS SO RECOMMENDED.

November 15, 2012                    Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).